FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
JUN 10 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Deborah S. Tropp, Esq.
Pro Hac Vice
McNeil Tropp & Braun, LLP
2 Park Plaza, Suite 620
Irvine, California 92614
(949) 259-2890; Fax (949) 259-2891
dtropp@mtbattorneys.com

Peter B. Mortenson, Esq.
Nevada Bar No. 5725
Darius Rafie, Esq.
Nevada State Bar No. 6465
Mortenson & Rafie, LLP
10781 W. Twain Ave.
Las Vegas, Nevada 89135
(702) 363-4190; Fax: (702) 363-4107
pmortenson@nvlaw.us; drafie@nvlaw.us

Attorneys for Plaintiff LAUGHLIN WATERCRAFT RENTALS, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In the matter of the Complaint of LAUGHLIN WATERCRAFT RENTALS, LLC as owner of the vessel 2020 Sea Doo GTI, Hull Identification Number YDV66709F020 for Exoneration from or Limitation of Liability,<br><br>Plaintiff,<br><br>vs. | CASE NO. 2:22-ms-00030<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**<br><br>[Federal Rule of Civil Procedure Supplemental Rule F]<br><br>Admiralty and Maritime Claim |

COMES NOW Plaintiff, LAUGHLIN WATERCRAFT RENTALS, LLC ("PLAINTIFF" herein), as the owner of the vessel, an unnamed 2020 Sea Doo GTI, Hull Identification Number YDV66709F020, its engine, tackle, appurtenances, etc. brings forth this action for Exoneration from or for Limitation of Liability, pursuant to 46 U.S.C. §§

30501–30512, and the admiralty jurisdiction of this Court pursuant to Supplement Rule F and Local Admiralty Rule F, and alleges as follows:

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C § 1333 *et seq.*

2. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 38(e) and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims.

3. The events, acts, and circumstances giving rise to this action all occurred on the navigable waters of the United States during a traditional maritime activity or, in the alternative, during an activity with a substantial relationship to traditional maritime activity.

4. PLAINTIFF seeks to claim and invoke the rights, privileges, remedies, and procedures of the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*

5. At all times material hereto, PLAINTIFF was and is the owner of an unnamed 2020 Sea Doo GTI personal watercraft, Hull Identification Number YDV66709F020, with a Nevada Registration Number of NV1454LD ("VESSEL 1" hereinafter) including her engine, tackle, appurtenances, etc.

6. At all times material hereto, VESSEL 1 is and has been located in Clark County, State of Nevada within the United States District for the Clark County District of Nevada.

7. At all times material hereto, PLAINTIFF was and is a Limited Liability Company organized under the laws of the State of Arizona, conducting business in both Bullhead City Arizona and Laughlin, Nevada, and was, at all times material to this action, the owner of the VESSEL 1 within the meaning and intent of 46 U.S.C. § 30501.

8. At all times material to this action, PLAINTIFF exercised due diligence to make VESSEL 1, in all respects, seaworthy, properly equipped, fitted and supplied with a suitable engine, machinery, tackle, apparel, appliances, and safety equipment, all in good order and condition and suitable for the operations in which they were engaged.

///

///

9. At the time of the subject incident and at all times material prior to the underlying incident, VESSEL 1 was, in all respects, seaworthy and properly manned, equipped and supplied with suitable engines, machinery, apparel, appliances, personnel, and other appropriate and necessary equipment, all in good order and condition and suitable for its intended operations.

10. On or about August 21, 2020, LIZBETH BARRAGAN ("BARRAGAN" hereinafter), resident of California, rented the above-mentioned VESSEL 1 from PLAINTIFF, subject to the terms and conditions of PLANTIFF's Rental Agreement, as well as a release. The subject voyage began on August 21, 2020 and ended on August 21, 2020.

11. On or about August 21, 2020, DARRYL ALEXANDER, JR. ("ALEXANDER" hereinafter), resident of Pennsylvania, rented an unnamed 2020 Yamaha WaveRunner, Hull Identification Number YAMA3877C020, with an Arizona Registration Number of AZ6049CB ("VESSEL 2" hereinafter) owned by KABUL, INC. d/b/a FASTRIP PWC RENTALS ("KABUL" hereinafter).

12. On August 21, 2020, BARRAGAN was operating VESSEL 1 on the navigable waters of the Colorado River near Harrah's Laughlin Hotel and Casino located at 2900 South Casino Drive, Laughlin, Nevada 89029. During the course of this voyage, BARRAGAN turned over possession of VESSEL 1 to SAMIR ADRIAN HERNANDEZ ("HERNANDEZ" hereinafter), resident of California, without the consent or knowledge of PLAINTIFF. HERNANDEZ was not listed as an authorized operator of VESSEL 1, and therefore, was not legally permitted to operate VESSEL 1, which was plainly stated on PLAINTIFF's Rental Agreement.

13. On August 21, 2020, ALEXANDER was operating VESSEL 2 on the navigable waters of the Colorado River with TAMMY TAISHA LYNCH ("LYNCH" hereinafter), resident of New York, aboard VESSEL 2 as a passenger. During the course of their voyage, VESSEL 2 was completely stopped in the river, facing north, when HERNANDEZ caused VESSEL 1 to make impact from behind with VESSEL 2. As a result of the impact with

VESSEL 2, LYNCH suffered personal injuries that resulted in her death for which LYNCH's estate, her father TOMMY LYNCH and her mother APRIL BLACK ("LYNCH ESTATE" hereinafter), has claimed damages from PLAINTIFF, KABUL, HERNANDEZ, BARRAGAN, and ALEXANDER. HERNANDEZ was found to be under the influence of alcohol and drugs at the time of the collision and arrested at the scene of the incident. The collision, and any and all damages, injuries, and losses were due to and caused by the fault, neglect, and want of care on the part of BARRAGAN and HERNANDEZ, in whose exclusive and complete control of VESSEL 1 was at all pertinent times described above, which will be proved at the trial of this action.

14. The injuries suffered by LYNCH were not caused or contributed to by any fault, neglect, or lack of care on the part of PLAINTIFF or VESSEL 1, its owner, employees, agents, officers, crew, or any others for whom PLAINTIFF was or is responsible, but on the contrary were caused solely by the fault and neglect of parties for whose actions PLAINTIFF is not responsible and/or by conditions beyond PLANITFF's control and actual or constructive knowledge, actual, or imputed.

15. At all times material, PLAINTIFF was maintaining VESSEL 1 in a reasonable and prudent manner, and it is not responsible for any injuries suffered by LYNCH.

16. Upon information and belief, the accident described above was occasioned and occurred without fault on the part of PLAINTIFF, and without its privity or knowledge. PLAINTIFF denies that it, VESSEL 1, or any person or property for whom they may be responsible are liable to any extent in the premises and, in that regard, PLAINTIFF claims Exoneration from Liability for all claims, damages, and destruction done, occasioned, or incurred by any reason of the matters aforesaid.

17. In the alternative, and without admitting liability, PLAINTIFF avers that in the event PLAINTIFF or VESSEL 1 should be held responsible to any parties by reason of the matters aforesaid, PLAINTIFF claims the benefit of the Limitation of Liability as provided for in 46 U.S.C. §§ 3051–30512.

18. The alleged injuries that occurred aboard VESSEL 2 after impacted by VESSEL 1, and any consequent or subsequent loss, damage, or injury to any person resultant therefrom, were not caused or contributed to by any fault, neglect, want of care, or design on the part of PLAINTIFF, its agents, principals, servants, employees, or anyone from whom PLAINTIFF may be legally responsible, and the action or inaction on the part of PLAINTIFF, its agents, principals, servants, employees, or anyone from whom PLAINTIFF may be legally responsible did not cause or contribute in any way to any alleged injury, loss, or damage sustained by any person, vessel, or other claimant.

19. PLAINTIFF has been served with one lawsuit arising out of or related to the subject incident of August 21, 2020. On October 28, 2021, LYNCH ESTATE filed its complaint in the United States District Court of Nevada, Case No. 2:21-cv-01981-JAD-DJA. Additionally, there may be further claims asserted against PLAINTIFF or VESSEL 1 by individuals for damage, injury, or other claims as a result of the subject incident on August 21, 2020.

20. PLAINTIFF's insurer first received a notice of loss on December 10, 2021. This Complaint is filed within six months from the date PLAINTIFF received the first written notice of claim from any claimant following the aforesaid collision, loss, and injuries.

21. PLAINTIFF is informed and believes that the amount of the claims that brought against PLAINTIFF will far exceed the residual value of its interest in VESSEL 1, which is $8,598.64 and there is no freight pending.

22. PLAINTIFF claims the benefits of the provisions of §§ 3051 *et seq.*, of Title 46, United States Code, and Supplemental Rule F, Federal rules of Civil Procedure, in this procedure by reason and facts and circumstances set forth above. PLAINTIFF further desires to contest its liability and the liability of VESSEL 1, to any extent whatsoever for any and all loss, destruction, damage, death, and injury caused by or resulting from the incident described above, and to be exonerated from all liability.

///

23. In the event that the Court determines there was negligence in the operation and/or use of VESSEL 1 which contributed in any way to any alleged injury, loss, or damage on the part of any person, vessel, or other claimant, such negligence occurred wholly without the privity or knowledge of PLAINTIFF, within the meaning of 46 U.S.C. § 30505, and without the privity or knowledge of PLAINTIFF, its principles, superintendents, or managing agents, within the meaning of 46 U.S.C. § 30506(e).

24. PLAINTIFF is ready, willing, and able to give and hereby offers to give a letter of undertaking as security for the post-casualty value of the PLAINTIFF's interest in VESSEL 1, and for costs within the meaning of Supplemental Rule (F)(1) whenever the same shall be ordered herein.

25. This Complaint is timely filed within six months of the date PLAINTIFF received first written notice of claim from any claimant following the aforesaid incident.

26. PLAINTIFF reserves the right to amend and/or supplement the factual allegations of the Complaint to further specify such other fault and negligence and further facts surrounding the loss described as may later become known.

WHEREFORE, Plaintiff, LAUGHLIN WATERCRAFT RENTALS, LLC, prays as follows:

1. This Honorable Court enter an Order directing the issuance of a Monition to and enjoining all persons, firms, and corporations claiming damages for any and all losses, damages, injuries, deaths, or destruction done, occasioned, sustained, or incurred by or resulting from the accident described above and citing them to appear as directed in said Order and to make due proof of their respective claims and also to appear and answer the allegations of the Complaint, in accordance with the law and practices of the Honorable Court on or before a date certain and time to be fixed by Monition;

///

///

///

2. This Honorable Court enter an injunction restraining the prosecution of any and all suits, actions, and proceedings already begun to recover damages arising out of, occasioned, by or consequent upon the subject incident as set forth in this Complaint, and the commencement of prosecution thereafter of any suits, actions, or legal proceedings of any nature or description, except in the present proceeding against LAUGHLIN WATERCRAFT RENTALNS, LLC and/or VESSEL 1, in respect of any claims or claims arising out of the accident described above;

3. This Court adjudge that LAUGHLIN WATERCRAFT RENTALS, LLC, and/or VESSEL 1 are not liable to any extent for any loss, damage, injury, or destruction of for any claims therefore in any way arising out of or resulting from the incident onboard VESSEL 1 or VESSEL 2 or done occasioned or incurred on the voyage;

4. The Court in this proceeding will adjudge that LAUGHLIN WATERCRAFT RENTALS, LLC and/or VESSEL 1 are not liable to any extent for loss, damage, injury, or destruction or for any claim whatsoever in any way arising from or in consequence of the voyage; or is LAUGHLIN WATERCRAFT RENTALS, LLC shall be adjudged liable, then the liability be limited to the amount or value of LAUGHLIN WATERCRAFT RENTALS, LLC's interest in VESSEL 1 and that LAUGHLIN WATERCRAFT RENTALS, LLC be discharged from liability on the surrender of their interest, and that the money surrendered, paid, or secured to be paid, be divided pro rata according to the statutes mentioned above among the claimants as they may duly prove and claim in accordance with the provisions of the order hereby requested, saving to all parties and priorities to which they may be legally entitled, and that a decree may be entered discharging LAUGHLIN WATERCRAFT RENTALS, LLC from all further liabilities; and

///

///

///

///

5. That LAUGHLIN WATERCRAFT RENTALS, LLC receives such other and further relief as the court may deem just and proper.

DATED: June 10, 2022

Mortenson & Rafie, LLP

By: /S/ Peter B. Mortenson

Peter B. Mortenson, Esq.
NV Bar No. 5752

MCNEIL TROPP & BRAUN LLP

By:

DEBORAH S. TROPP
Pro Hac Vice
2 Park Plaza, Suite 620
Irvine, California 92614
Attorneys for Plaintiff LAUGHLIN WATERCRAFT RENTALS, LLC